# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

James Keivom,

    Plaintiff,

v.

Raww Digital, LLC,

    Defendant.

_____ /

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff James Keivom ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Raww Digital, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain resistthemainstream.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied

and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff James Keivom is an individual who is a citizen of the State of New York and resides in Bronx County, New York.

6. Upon information and belief, Defendant Raww Digital, LLC, is a Florida limited liability company with a principal place of business at 7901 4th Street North, Suite 300, Saint Petersburg in Pinellas County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful

owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On November 21, 2022, Plaintiff authored a photograph of an aerial view of the residence in Idaho where four students were murdered ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as <u>Exhibit 1</u>.

15. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16. On January 30, 2023, Photograph 1 was registered by the USCO under Registration No. VA 2-337-320.

17. Plaintiff created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. On November 22, 2022, Plaintiff authored a photograph of a different aerial view of the residence in Idaho where four students were murdered ("*Photograph*

*2*"). A copy of Photograph 2 is attached hereto collectively as <u>Exhibit 1</u>.

19. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

20. On January 30, 2023, Photograph 2 was registered by the USCO under Registration No. VA 2-337-320.

21. Plaintiff created Photograph 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

22. On November 25, 2022, Plaintiff authored a photograph of police officers standing outside the residence in Idaho where four students were murdered ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as <u>Exhibit 1</u>.

23. In creating Photograph 3, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

24. On January 30, 2023, Photograph 3 was registered by the USCO under Registration No. VA 2-337-320.

25. Plaintiff created Photograph 3 with the intention of it being used commercially and for the purpose of display and/or public distribution.

26. On November 12, 2022, Plaintiff authored a photograph of three police

officers standing outside the residence in Idaho where four students were murdered ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as <u>Exhibit 1</u>.

27. In creating Photograph 4, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

28. On January 30, 2023, Photograph 4 was registered by the USCO under Registration No. VA 2-337-320.

29. Plaintiff created Photograph 4 with the intention of it being used commercially and for the purpose of display and/or public distribution.

30. All of the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "Photographs".

31. Plaintiff published the Photographs by commercially licensing each to the New York Post for the purpose of display and/or public distribution.

B. **<u>Defendant's Infringing Activity</u>**

32. Defendant is the registered owner of the Website and is responsible for its content.

33. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

34. The Website is monetized in that it contains paid advertisements and, upon

information and belief, Defendant profits from these activities.

35. On or about December 4, 2022, Defendant displayed Photograph 1 on the Website as part of an on-line story at URL https://resistthemainstream.com/idaho-victims-parents-reveal-means-of-death-between-two-of-the-girls-are-not-the-same/ ("*Infringement 1*"). A copy of a screengrab of the Website including Photograph 1 is attached collectively hereto in Exhibit 2.

36. Photograph 1 was stored at URL: https://resistthemainstream.com/wp-content/uploads/2022/12/kaylee-750x394.jpg.

37. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

38. Plaintiff first observed and actually discovered Infringement 1 on January 23, 2023.

39. On or about January 7, 2023, Defendant displayed Photograph 2 on the Website as part of an on-line story at URL https://resistthemainstream.com/idaho-murder-suspect-bryan-kohberger-discussed-key-details-of-the-case-in-facebook-group-online-sleuths/ ("*Infringement 2*"). A copy of a screengrab of the Website including Photograph 2 is attached collectively hereto in Exhibit 2.

40. Photograph 2 was stored at URL: https://resistthemainstream.com/wp-content/uploads/2023/01/FotoJet-2023-01-08T031932.982-750x394.jpg.

41. Without permission or authorization from Plaintiff, Defendant volitionally

copied and/or displayed Plaintiff's copyright protected Photograph 2 on the Website.

42. Plaintiff first observed and actually discovered Infringement 2 on January 23, 2023.

43. On or about January 7, 2023, Defendant displayed Photograph 3 on the Website as part of an on-line story at URL https://resistthemainstream.com/lawyer-for-idaho-victims-family-details-what-surviving-roommate-told-police-after-night-of-murders/ ("*Infringement 3*"). A copy of a screengrab of the Website including Photograph 3 is attached collectively hereto in Exhibit 2.

44. Photograph 3 was stored at URL: https://resistthemainstream.com/wp-content/uploads/2023/01/Idaho-Murders-750x394.jpg.

45. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 3 on the Website.

46. Plaintiff first observed and actually discovered Infringement 3 on January 23, 2023.

47. On or about December 30, 2022, Defendant displayed Photograph 4 on the Website as part of an on-line story at URL https://resistthemainstream.com/idaho-murder-suspect-neighbors-witnesses-react-to-news-grad-student-has-been-living-among-them/ ("*Infringement 4*"). A copy of a screengrab of the Website including Photograph 4 is attached collectively hereto in Exhibit 2.

48. Photograph 4 was stored at URL: https://resistthemainstream.com/wp-

content/uploads/2022/12/FotoJet-20-750x394.jpg.

49. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 4 on the Website.

50. Plaintiff first observed and actually discovered Infringement 4 on January 23, 2023.

51. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

52. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

53. The Infringements are exact copy of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

54. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

55. Upon information and belief, Defendant directly contributes to the content

posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to John Symank and Tony Gray who each have biography pages on the website: https://resistthemainstream.com/author/john-symank/ and https://resistthemainstream.com/author/tony-gray/ (the "*Employees*").

56. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

57. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

58. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

59. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

60. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

61. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

62. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

63. Upon information and belief, Defendant monitors the content on its Website.

64. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

65. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

66. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

67. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

68. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

69. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

70. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

72. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

73. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

74. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

75. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

76. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Website.

77. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

78. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

79. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a

license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 1, 2023

**SANDERS LAW GROUP**

By: __/s/ Craig B. Sanders__
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127646

*Attorneys for Plaintiff*

14