IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-02488

James Keivom,

    Plaintiff,

v.

Raww Digital, LLC,

    Defendant.

_____/

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Raw Digital, LLC ("Defendant") hereby responds to Plaintiff, James Keivom's ("Plaintiff") Complaint dated November 1, 2023 [D.E. 1]. The paragraph numbers below correspond to those of the Complaint, and Defendant states as follows:

1. Admitted, but denied that such damages are owed.

2. Without knowledge and therefore denied.

3. Denied.

4. Denied.

5. Without knowledge and therefore denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied. As to the legal conclusion, no response is required.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. No response is required.

31. Without knowledge and therefore denied.

32. Denied.

33. Denied.

34. Admitted that the site is monetized. Denied that Defendant profits from "these activities."

35. Admitted that Photograph 1 was on the Website. Otherwise, denied.

36. Without knowledge and therefore denied.

37. Denied.

38. Without knowledge and therefore denied.

39. Admitted that Photograph 2 was on the Website. Otherwise, denied.

40. Without knowledge and therefore denied.

41. Denied.

42. Without knowledge and therefore denied.

43. Admitted that Photograph 3 was on the Website. Otherwise, denied.

44. Without knowledge and therefore denied.

45. Denied.

46. Without knowledge and therefore denied.

47. Admitted that Photograph 4 was on the Website. Otherwise, denied.

48. Without knowledge and therefore denied.

49. Denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied. As to the legal conclusion, no response is required.

53. Without knowledge and therefore denied.

54. Denied.

55. Denied.

56. Without knowledge and therefore denied.

57. Denied.

58. As to the legal conclusion, no response is required. Otherwise, denied.

59. As to the legal conclusion, no response is required. Otherwise, denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. No response is required.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. No response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

This section contains no factual allegations and therefore requires no response. To the extent that further pleading is required, Defendant denies that Plaintiff is entitled to any relief from Defendant or the Court, either as prayed for in the Complaint or otherwise. Defendant asks the Court to deny any and all relief requested by Plaintiff against Defendant in Plaintiff's Prayer for Relief and to instead award Defendant its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's acts complained of herein are permitted and protected under the fair use provisions of the Copyright Act, 17 U.S.C. § 107.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustains the burden of proving that Defendant committed copyright infringement, then Defendant should be found to have not been aware and had no reason to believe that its acts constituted an infringement of copyright, and the Court in its discretion should reduce an award of statutory damages, if established, under 17 U.S.C. § 504(c)(2).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages under 17 U.S.C. § 412.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustains the burden of proving that Defendant committed copyright infringement, and if Plaintiff establishes that an award of statutory damages is available, then it shall be deemed as innocent infringement at most, and not willful infringement under 17 U.S.C. § 504(c)(2).

## SIXTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff waited too long to file this action, which is barred by the Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct, which includes a history of tolerating similar uses of its copyrighted material, requires that Plaintiff be estopped from enforcing its copyright.

## NINTH AFFIRMATIVE DEFENSE

The photographs in question are not original and therefore not eligible for copyright protection.

## TENTH AFFIRMATIVE DEFENSE

Use of the photographs was so minimal or insignificant that it should not be considered copyright infringement.

DATED: December 18, 2023        Respectfully submitted,

                                              _/s/ Darren A. Heitner_
                                              Darren A. Heitner, Esq.

**Heitner Legal, P.L.L.C.**
215 Hendricks Isle
Fort Lauderdale, FL 33301
Tel.: 954-558-6999
Fax: 954-927-3333
Email: Darren@HeitnerLegal.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2023 a copy of the foregoing document was filed electronically via the Court's Electronic Case Filing System and thereby served upon all counsel of record.

                                                         _/s/ Darren A. Heitner_
                                                         Darren A. Heitner, Esq.